NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SHAWN JACKSON, *Petitioner/Appellant,*

*v.*

RACHEL RUSH, *Respondent/Appellee.*

No. 1 CA-CV 23-0486 FC

FILED 07-02-2024

Appeal from the Superior Court in Maricopa County
No. FC2022-090767
The Honorable Charlene D. Jackson, Judge

**AFFIRMED**

COUNSEL

Shawn Jackson, Phoenix
*Petitioner/Appellant*

John York Law Office, Phoenix
By John York
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Shawn Jackson ("Father") appeals the superior court's judgment ordering unequal parenting time and that Rachel Rush ("Mother") be the primary residential parent of the parties' minor twin daughters.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In February 2022, Father petitioned the superior court to establish parenting time for the twins, who were then one year old. Father requested an equal parenting-time schedule.

¶3        Mother requested she be the primary residential parent and that Father have supervised parenting time. After an evidentiary hearing to enter temporary orders, the court ordered Mother to be the twins' primary residential parent. The court found that Father had not had meaningful contact with the twins for 61 days before the hearing. The court heard testimony that Father worked from home from 3:30 pm to 11:30 pm daily, did not help much with the twins, slept while the nanny took care of the twins when Mother was working, and was frequently intoxicated. Through temporary orders the court provided Father parenting time for approximately 32 hours per week, 70 days per year, and no holiday or vacation schedule.

¶4        After a second evidentiary hearing about a year later, the court again ordered Mother to be the primary residential parent. The court awarded Father 107 total days of parenting time per year, expanded Father's uninterrupted parenting time to 32 hours every other weekend, and entered a routine holiday and vacation schedule.

¶5        The court explained in a supplemental ruling that unequal parenting time was in the twins' best interests in part because Father failed to present any evidence supporting significant disparaging allegations he made against Mother. The court also noted that it did not give significant weight to character letters Father introduced supporting his ability to

2

parent because those documents were not authenticated, the authors were not called to testify, and the court could not judge their credibility. In contrast, Mother provided testimony and evidence the children were thriving in her care. Under Mother's care, the twins had an established schedule, were doing well in daycare, and were progressing educationally and socially. The court concluded Mother had the more stable home environment to meet the twins' emotional and social needs. Finally, the court noted the final scheduling order significantly increased the parenting time awarded Father while reducing the amount of time the children would spend in transition between homes.

¶6         We have jurisdiction over Father's timely appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7         Father argues the superior court incorrectly considered the parties' respective testimony about his allegation of Mother's prescribed medication abuse mixed with recreational marijuana, his parental alienation claims, and his favorable character witness statements. He requests we grant the parties equal parenting time and equal primary residence. Because Father failed to provide a transcript, we presume the missing record supports the superior court's conclusions and its choice to depart from ordering substantially equal parenting time. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶8         We review parenting time orders for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). A court abuses its discretion when (1) it fails to consider the evidence, (2) it commits an error of law in reaching a discretionary conclusion, (3) there is no substantial basis for its discretionary finding, or (4) it commits another "substantial error of law." *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56 (1982). We do not reweigh evidence on appeal and "defer to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

¶9         When parents do not agree on a parenting-time schedule, the superior court determines that element. A.R.S. § 25-403.02(D). The court must make parenting-time determinations considering the best interests of the child, including certain enumerated statutory factors. A.R.S. § 25-403(A). Generally, the law presumes equal or substantially equal parenting time is in a child's best interests. *See Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 6 (App. 2019). Consistent with a child's best interests, the court adopts a

parenting plan that maximizes each parent's respective parenting time. A.R.S. § 25-403.02(B). The court must make "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). The court must consider additional elements if it finds history of a parent's substance or alcohol abuse or of drug offense convictions. A.R.S. § 25-403.04.

¶10 The final ruling shows that the court considered Father's allegation that Mother had abused drugs or alcohol or was convicted of a related offense. The court specifically considered Father's testimony that he had observed Mother mix medication with marijuana and had observed mood and attitude changes. The court also considered Mother's denial of any issues with marijuana. The court ultimately determined that Mother had not abused drugs or alcohol and was not convicted of any related offense.

¶11 As to Father's claim of parental alienation, the court considered Mother's testimony of her willingness to allow the twins to have frequent, meaningful, and continuing contact with Father. And finally, in its supplemental ruling, the court noted it did not give Father's character letters significant weight because the court could not judge their credibility as the letters were not authenticated and their authors were not called to testify.

¶12 In compliance with A.R.S. § 25-403(B), the court's supplemental ruling stated the reasons why it concluded that substantially unequal parenting time was in the twins' best interests. The ruling showed the court specifically weighed the parties' respective home environments and the lack of evidence supporting Father's allegations of Mother's mental illness under A.R.S. § 25-403(A)(3), (5).

¶13 We defer to the superior court's consideration of conflicting evidence and the weight given to witness testimony. *Lehn*, 246 Ariz. at 284, ¶ 20. The court did not abuse its discretion in designating Mother as the primary residential parent or ordering substantially unequal parenting time.

## CONCLUSION

¶14      We affirm and award costs to Mother upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV